The Chief Justice
delivered the opinion of the Court:
This is an appeal from the judgment of the special term in a proceeding in scire facias. It appears that a judgment was obtained by the plaintiff against Peter D. Welcker on *325 the 3d of July, 1878, for the sum of $561.83, with interest from April 13, 1878, at 10 per cent., with costs; that on the 17th day of September, 1890, this judgment was entered to the use of Charles H. Knight, and on the 23d of September, T. A. Lambert, attorney for the assignee, appeared and suggested the death of the defendant, and that Anna E. Welcker, his widow, had qualified as his administratrix, and received letters cum testamentum annexo; and further, that William Paul Welcker and Beatrice Welcker were the sole heirs at law of Peter D. Welcker, deceased.
On the 23d of September, 1890, the writ of scire facias was issued upon the suggestion of Mr. Lambert, as attorney for the assignee. This writ was directed to Anna E. Welcker as administratrix of Peter D. Welcker, deceased, and William Paul Welcker and Beatrice Welcker, heirs at law of Peter D. Welcker, deceased.
It appears that on the 23d of September, the scire facias was returned served as to all these parties. On November 15, Anna E. Welcker was appointed guardian ad litem for the infant defendants, William Paul Welcker and Beatrice Welcker.
On the 18th of December, 1890, Mrs. Welcker as administratrix, filed a demurrer to'the writ of scire facias, assigning the Statute of Limitations as the ground thereof, and at the same time a parol demurrer was filed on behalf of William Paul Welcker and Beatrice Welcker, setting up the minority of these two defendants, and praying that their parol demurrer might stay the proceedings until they became of full age.
The plaintiff filed a replication to the parol demurrer of the infant defendants, in which he claims that “ notwithstanding anything therein set forth by the defendant, William Paul Welcker, the suit ought not to stay or be respited, because he says that the said Peter D. Welcker did in his lifetime, by his last will and testament, since duly probated, devise and bequeath one-third of all his real and personal and mixed estate unto his wife, the defendant, Anna E. Welcker, her heirs and assigns forever, and the remaining *326 two-thirds of his real, personal and mixed estate, to his two children, the defendants, William Paul Welcker and Beatrice Welcker, their heirs and assigns, with remainder • over on the death of the said Beatrice Welcker unmarried or without lawful issue, of the one-third of said estate so as aforesaid devised and bequeathed to her, unto the said William Paul Welcker, with full power to the executors therein toamed, to sell, release, encumber and convey the whole or any part of this estate, and this the plaintiff is ready to verify. Wherefore the plaintiff prays judgment .if the suit ought to stay or be respited, and that the said defendant may answer over.”
A similar replication was filed to the parol demurrer 'of the infant defendant, Beatrice Welcker. To each of these replications the defendant filed demurrers. On the 31st day of January, it appears that there was a hearing upon the demurrer of the defendant to the writ, and also on the demurrers of the defendant to the replications, of the plaintiff, and upon this hearing the demurrers were all overruled. Thereupon it was ordered by the court that execution issue against the lands and tenements of which the said defendant, Peter D. Welcker, died seized.
On the 2d of February, 1891, upon motion of Mr. Mat-tingly, attorney for the defendants, “ so much of the order of yesterday as awards execution on the judgment in this case is set aside and for nothing held, and the defendants are allowed to plead over.”
Thereupon it appears that the administratrix filed a plea, stating that she had fully administered upon the estate, and second, that said judgment in the writ of scire facias mentioned was of over twelve years’ standing, and that the judgment is not good and pleadable against her or to be admitted in evidence against her.
The infant defendants plead, first, that they had no lands by descent as heirs at law of Peter D. Welcker, deceased; second, the Statute of Limitations, that the judgment was above twelve years’ standing.
To each of these pleas the plaintiff interposed a demurrer. *327 These demurrers on hearing were overruled, and thereupon the writ of scire facias was quashed, at the cost of the plaintiff. From this last order made by the court the plaintiff appeals.
It is quite obvious that the only question we have to determine here is whether the court was right in overruling the last demurrers. If the demurrers to the pleas interposed by the administratrix and the heirs at law were properly overruled, then the order made by the court would naturally follow, unless the plaintiff had interposed and asked leave to amend or to reply to these pleas, which was not done.
Although there was a great deal of discussion as to the rightfulness of the orders of the court in the proceedings prior to passing upon the last demurrers, yet we are of the opinion that, so far as we are concerned, on this appeal there is no reason for considering any of the orders of the court prior to filing the last pleas by defendant except for the purpose of disposing of certain arguments which are presented by counsel for the plaintiff.
The first plea here, by Mrs. Welcker, is that of plene administravit. It is claimed by counsel for the plaintiff that the administratrix may have fully administered upon the assets that came into her hands, and yet that does not preclude them from taking an order of execution for future assets. It is claimed that the creditor is entitled not only to execution for assets that have already come into the hands of the administratrix, but to future assets, and that it does not follow that because she has fully administered upon such assets as have already come into her hands, there may not be other assets hereafter, and that creditors are entitled to the benefit of an order for future assets.
This matter is disposed of, we think, properly, by the authority referred to by counsel for the defendant, Foster on Scire Facias, page 200:
“ If a creditor seeks to recover his debt from the representatives of a deceased debtor, the heir of such debtor may plead rien per descent, or his executor or administrator may plead *328 plene administravit to the action; and it is then in the optioh of the plaintiff either to take issue on such plea and go to trial on the facts; or, if he have reason to believe such a plea to be true, he may admit its truth and enter up judgment of assets quando acciderint, which he has a right to do before trial, praying that his debt may be levied of such assets as may afterwards come to the hands of the heir, executor, or administrator, to be administered.”
■It seems to us this authority conclusively settles that the plea of plene administravit is a proper plea. The plaintiff might have said there are assets which have not been administered upon, by joining issue on that plea, or, without joining issue, he may take an order for future assets; but neither of these things has been done by the plaintiff in this case. They saw proper to demur to the plea, and the court, we think, properly overruled the demurrer.
With regard to the plea of the heirs, that they took nothing by descent, it is claimed by counsel for the defendants that the record shows by the replication which they filed to the'parol' demurrer of the infant defendants that Peter D. Welcker did die testate, and that he did, by that will, devise certain real estate to the infant defendants. But it must be remembered that the replication was to a parol demurrer, ¡and that the ruling upon the demurrers filed to the replications and the order of the court made thereon, was after-wards set aside, and for nothing held. This disposed of the replications. They had performed their office. They were not in the record as replications to 'the plea which the infant defendants afterwards interposed, that they took nothing by descent. If the defendants desire a ruling upon the fact that there was a will in the case, and that they did take property by devise and not by descent, they should have filed replications of that character to these pleas, and if necessary applied to annul the writ.
We think the demurrer to the plea of the infant defendants that they took nothing by descent was properly overruled.
*329 We next consider the demurrer to the plea of the Statute of Limitations, which was made by each one of the infant defendants, and by the administratrix. It is claimed in this behalf by counsel that this question had been settled by the court upon the first demurrer filed by counsel for defendant to the writ of scire facias, inasmuch as the reason assigned in support of that demurrer was that the judgment was above twelve years’ standing, as shown by the writ on its face. It is insisted that the court, having overruled that demurrer, decided against the proposition set forth in the plea, and hence, that so far as this case is concerned, it was res adjtidicata.
If the court had passed upon the demurrer upon its merits, and had held that the demurrer to the writ of scire facias properly raised the' question of the statute of limitations, that position would be tenable; but we think that the demurrer to the writ of scire facias could not and did not raise that question. While the record does not disclose the reason given by the court for overruling the demurrer, we think the reason should have been that the demurrer did not raise the question. The question could only be raised as against the -writ of scire facias, by plea. While the writ of scire facias does, in its statement of the date of the judgment, show that there was more than twelve years intervening between thaí date and the issuing of the writ of scire facias, it does not recite the record, and it is only by the record that we could ascertain that the judgment was above twelve years^ standing, without any steps having been taken during that period of time.
This statute has been defined and construed by this court, and by its predecessor, and it has been held to mean that the judgment must be above twelve years’ standing without any steps having been taken to enforce its collection. The issuing and return of execution during the twelve years is sufficient to prevent the bar of the statute. If twelve years do not intervene between that and the date of the commencement of the proceedings in scire facias, the statute cannot be pleaded.
*330 In a proceeding in scire facias, the writ itself stands as the declaration, and we look to that to see whether there was any affirmative showing that the judgment was above twelve years’ standing without any steps having been taken. It does not show that affirmatively, and the court will not infer that such is- the case, inasmuch as it was not necessary that the plaintiff should have stated facts excluding such an inference in the writ of scire facias. If it be possible that there could be a case where it would be proper to interpose by demurrer the defence of the statute of limitations, the facts constituting such defence must appear affirmatively in the writ so as to exclude every inference to the contrary, or otherwise it must be pleaded, so that the question of fact ■may be determined properly by the evidence.
If counsel for the plaintiff had desired to test these questions upon the merits, it was their duty to have asked that they be allowed to take some other steps after the demurrers were overruled, for instance, to reply to these pleas and test their truth in that way. Not having done that, the defendants were entitled to the judgment and order which was rendered by the court.

The order and judgment of the lower court will be affirmed.